UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** )  ) | |
| v. ) ) | Case No. 3:11-cr-00020-2  Chief Judge Haynes |
| **AUSTIN MICHAEL EVANS** ) | |

### PETITION TO ENTER A PLEA OF GUILTY

I, **Austin Michael Evans**, respectfully represent to the Court as follows:

(1) My true full name is Austin Michael Evans and I declare that all proceedings against me be had in that name. I was born on April 28, 1992 and completed ten (10) years of formal education. I have my GED.

(2) My retained lawyer is **Peter J. Strianse, Esq**.

(3) I have received a copy of the Indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the Indictment.

(4) I have told my lawyer the facts and surrounding circumstances concerning the matters mentioned in the indictment and believe and feel that my lawyer knows as much about this as I do. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crimes charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for the offense with which I am charged is as follows:

> **Count One**(Conspiracy to Possess with Intent to Distribute and to Distribute more than 5 kilograms of Cocaine; 21 U.S.C. § 846) - carries a minimum mandatory punishment of ten (10) years to life, a $10,000,000.00 fine or both, a mandatory five (5) year term of supervised release and a $100.00 special assessment;
>
> *Lesser Included Offense Contained in Count One* (Conspiracy to Possess with Intent to Distribute and Distribute Cocaine; 21 U.S.C § 846) - carries not more than twenty (20) years imprisonment, a $1,000,000 fine or both, a mandatory three (3) year term of supervised release and a $100.00 special assessment.



(6) I have been advised that I will be sentenced under the sentencing provisions of the Comprehensive Crime Control Act of 1984. Specifically, I will be sentenced pursuant to the statutorily established sentencing factors enumerated at 18 U.S.C. § 3553(a). I understand that the Sentencing Guidelines established by the United States Sentencing Commission are specifically included as one of several components of the Court's sentencing considerations. I also understand that the Court must treat the United States Sentencing Guidelines as merely advisory and that the Court may or may not impose a sentence within the guideline range after taking into consideration each of the factors set forth in 18 U.S.C. § 3553(a).[1] I also understand that, if the Court fails to follow, improperly or unreasonably applies the statutory sentencing factors set forth at 18 U.S.C. §3553(a) (specifically including the Guidelines), I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit within the limits of the plea agreement. I have been advised by my attorney that the guideline range in my case should be from **ninety-seven (97) to one-hundred-twenty-one (121) months (This estimate assumes a BOL of 32, full credit for acceptance of responsibility, and a Criminal History Category II.)** I realize that this is simply my attorney's estimate and that my final guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case, subject to challenge by either me or the government with the final guideline calculation based upon the factual and legal findings of the Court. These findings are subject to appeal within the limits of the plea agreement.

(7) I further understand that in addition to any sentence of incarceration I receive that I will be sentenced to a period of supervised release. If I am charged with more than one offense I understand that the sentencing guidelines take this into consideration and may result in a longer sentence whether or not I plead guilty to more than one offense. I have been informed that under the present federal sentencing system I will not be subject to parole and I will receive only 54 days good time per year and it will not vest until the end of each year. I further understand that I will be sentenced to a mandatory fine to be calculated through the guidelines unless the Judge finds me indigent and unable to pay any fine. Considered in this fine will be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation or parole whether state or federal, the fact that I have been convicted may be used to revoke my probation or parole regardless of what sentence I receive on this case; (d) This conviction may be used as one of the necessary convictions a state would have to prove should they decide to prosecute me for being an habitual criminal. If I were convicted of being an habitual criminal I could be sentenced up to life imprisonment depending on state law; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and

---

[1] In light of the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the U.S. Sentencing Guidelines are effectively advisory, requiring a sentencing court to consider Guidelines ranges, *see* 18 U.S.C. § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, *see* 18 U.S.C. § 3553(a).

2

having difficulty in getting others. If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial and that the Court may impose sentence upon me within the limits set forth in the plea agreement stated in paragraph (10) herein.

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has told me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case and that if the Judge decides to reject the plea agreement set forth in paragraph (13) below I will be offered the opportunity to withdraw my plea and plead not guilty, if I desire unless the government has only agreed to recommend a sentence to the Court (Rule 11(e)(1)(B) of the <u>Federal Rules of Criminal Procedure</u>). I hope to receive probation or some form of leniency but I am prepared to accept any punishment permitted by law which the Judge may see fit to impose. However, I respectfully request that the Judge consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "GUILTY" I have saved the government and the court the expense and inconvenience of a trial. [<u>Federal Rules of Criminal Procedure</u>. Rule 32(a)(1)]. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration, or whether any sentence of incarceration should be concurrent with any state time I am already serving, that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated or whether my sentence will be concurrent (unless the judge does not recommend concurrent or orders it to be consecutive) with any state time.

(11) My lawyer has done all that anyone could do to counsel and assist me, and I understand the proceedings in this case against me. My lawyer has done all the investigation and research in this case that I have asked him to do and I am satisfied with his representation at this point.

3



(12) I fully understand my rights to plead "NOT GUILTY" and fully understand the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows: Plea of Guilty to the Lesser Included Offense Contained in Count One of the Indictment, which would allege an unspecified quantity of cocaine.

(13) This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 (c) (1) (~~C~~) *(B)* of the Federal Rules of Criminal Procedure. 

    The particularized terms and conditions of the plea agreement are contained in the attached "Plea Agreement" prepared by Assistant United States Attorney Philip H. Wehby.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand, the statements set forth in the indictment, and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I pray the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby waive the provisions of Rule 32 F.R.Cr.P. to the extent that such provisions conflict with 18 USC 3552(d), and agree that the pre-sentence report may be disclosed to the U.S. Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the ____ day of April, 2013.

                                                                                                        _____

                                                                                                               Austin Michael Evans

4



## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement are accurately stated above.

_____
Philip H. Wehby
Assistant United States Attorney



## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for **Austin Michael Evans**, hereby certify as follows:

(1) I have read and fully explained to **Austin Michael Evans** all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by **Austin Michael Evans** in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed in open court in the presence of **Austin Michael Evans** this 13th day of April, 2013.

_____
**PETER J. STRIANSE, ESQ.**
Attorney for Defendant Evans

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:11-cr-00020-2 |
| ) | Chief Judge Haynes |
| AUSTIN MICHAEL EVANS ) | |

### ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this 15th day of April, 2013.

WILLIAM J. HAYNES, Jr.
United States District Judge

7



UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:11-00020 |
| v. | ) | Chief Judge Haynes |
| | ) | |
| | ) | |
| AUSTIN MICHAEL EVANS | ) | **Final** |

## PLEA AGREEMENT

The United States of America, through David Rivera, Acting United States Attorney for the Middle District of Tennessee, and Philip H. Wehby, Assistant United States Attorney, and the defendant, AUSTIN MICHAEL EVANS, and defendant's counsel, Peter J. Strianse, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charge in This Case

1.  Defendant acknowledges that he has been charged in the indictment in this case with conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2.  Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the lesser included offense of conspiring to possess with the intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Penalties

4. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum terms of imprisonment and fines: a term of imprisonment of not more than twenty (20) years imprisonment, a fine not to exceed $1,000,000, and a supervised release term of at least three (3) years. The defendant must also pay a special monetary assessment of $100.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in Criminal Case Number 3:11-00020.

6. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    (a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

2

Case 3:11-cr-00020   Document 100   Filed 04/15/13   Page 9 of 20 PageID #: 209



(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause when actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; that it could not convict defendant on the charges in the indictment unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

3

7. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues relating to a trial that might have been available if he had exercised his right to trial.

## Factual Basis

8. Defendant will plead guilty because he is in fact guilty of the lesser included offense of conspiring to possess with the intent to distribute cocaine. In pleading guilty, the defendant admits the following facts and agrees that those facts establish his guilt beyond a reasonable doubt:

Between on or about November 1, 2010 and December 16, 2010, in the Middle District of Tennessee, [1] JESSE SANTO PECORA, [2] AUSTIN MICHAEL EVANS, and [3] RODNEY EUGENE WHITAKER, did combine, conspire, confederate, and agree with each other, to knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

Between November 1, 2010 and December 16, 2010, an undercover special agent with ATF, assisted by a confidential informant (CI), conducted a home invasion sting operation. Through a series of meetings with the undercover agent (UC), co-defendants PECORA and EVANS entered into an agreement to conduct an armed robbery of a fictitious cocaine supplier / distributor of at least ten (10) kilograms of cocaine from a stash house that purportedly would be protected by armed guards.

4

On December 12, 2010, following prior meetings with PECORA and EVANS discussing the home invasion robbery, the UC contacted PECORA and informed him that he had received a call that the cocaine would arrive in Nashville later in the week. The UC asked PECORA if he and his crew were ready, and PECORA responded that he was ready and wanted to know if the UC was ready.

On December 15, 2010, in a phone conversation between PECORA and the UC, the UC asked PECORA if his crew was ready and willing to participate, and PECORA again stated that he wanted in. The UC instructed PECORA to get his crew and "tools" (firearms) ready and that he (UC) would telephone him at 10 am on December 16, 2010. The UC then provided PECORA the option not to participate if he was not ready or willing to do so. PECORA again stated that he was ready.

On December 16, 2010, at approximately 11:30 am, the UC and PECORA spoke by telephone, during which time the UC made arrangements for PECORA and his crew to meet at a pre-determined location in South Nashville. Shortly after 12:00 pm, PECORA arrived, accompanied by EVANS and WHITAKER in EVANS 1978 yellow Mercedes. The UC engaged PECORA in a short conversation and asked if they had brought their firearms. EVANS responded that they had them. PECORA entered the UC's vehicle and directed EVANS and WHITAKER to follow him to a nearby storage unit.

At approximately 12:15 pm, the UC, PECORA, EVANS and WHITAKER arrived at the storage unit and began discussing the home invasion. The suspects surrounded the UC and discussed the scenario for committing the armed robbery of cocaine at the stash house. The UC told the suspects there would be at least ten (10) kilograms of cocaine in the stash house. The

5



UC further told the suspects there would be at least two armed guards, "Oso" and "Flaco." The UC informed the suspects that they would need to pull a gun on the armed guards immediately. The UC then asked who had the firearms, and both EVANS and WHITAKER indicated they were armed. WHITAKER questioned the UC on who watched the door of the stash house, and the UC indicated it would be him. The UC provided the suspects with locations of the cocaine. The suspects indicated to the UC that they may use mace on the armed guards. The UC directed them to use the mace on him (UC) too and also to hit him on the way out to make it look good. WHITAKER acknowledged to the UC that he wanted to participate in the home invasion. The UC made him aware of the agreed upon split of cocaine/profits, which WHITAKER indicated was agreeable to him.

At the end of the conversation, PECORA indicated that he would be picking up a fourth unidentified person to assist in the home invasion. The UC addressed the suspects and explained that he wanted them to bring his "cut" of the proceeds back to the storage unit, and PECORA suggested that the UC obtain a larger unit so that they might be able to hide a vehicle. The UC then walked away from the suspects, and a law enforcement take-down and arrest was conducted. PECORA and WHITAKER immediately complied and were taken into custody without incident. EVANS fled on foot and was subsequently arrested. Upon search incident to arrest, a large knife was located in EVANS vehicle, along with a small blue bag containing a roll of duct tape. No firearms were recovered.

All of the described events occurred in Davidson County, located in the Middle District of Tennessee.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

9. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with other sentencing goals, and will consider the U.S.S.G. recommended sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2012.

10. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant recommend to the Court, pursuant to Rule 11(c)(1)(B), the following:

    a. **Offense Level Calculations.**

        i. The base offense level for the offense is 32, pursuant to U.S.S.G. § 2D1.1(c)(4), because the offense involved between 5 and 15 kilograms of cocaine.

        ii. The defendant may receive a two level increase, pursuant to U.S.S.G. § 2D1.1(b)(1), because a dangerous weapon was possessed; however, the parties have no agreement as to whether the increase should apply.

        iii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent

7



conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the to allocate their resources efficiently.

b. **Criminal History Category.** Based upon information now known to the parties, including information provided by the defendant, the parties anticipate that the defendant's Criminal History Category is Category II.

c. **Recommended Offense Level and Guidelines Range.** Defendant understands that the offense level as ultimately determined by the Court (the "court-determined offense level)" may be different from the guideline calculations contained in this agreement. Defendant likewise understands that the guidelines range as ultimately determined by the Court (the "court-determined guidelines range") may be based on an offense level different from the guideline calculations contained in this agreement.

d. Defendant is aware that any estimate in the guideline calculations that he may have received from his attorney, or by the United States in this agreement, is a prediction, not a promise, and is not binding on the Probation Office or the Court. Defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's

8

determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same. Defendant further acknowledges that if the Court does not accept the U.S.S.G. recommendations of the parties, defendant will have no right to withdraw his guilty plea.

### Agreements Relating to Sentencing

11. The government agrees to recommend a sentence within the court determined guidelines range. The defendant is free to request the sentence he deems appropriate.

12. It is understood by the parties that the Court is neither a party to nor bound by this Plea Agreement and, after consideration of the U.S.S.G., may impose the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea. Similarly, defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

13. Defendant agrees to pay the special assessment of $100 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

14. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise

9



the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing, including the nature and extent of defendant's cooperation.

15. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

16. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.



## Waiver of Appellate Rights

17. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the court determined guideline range. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582©. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence within or above the court determined guideline range.

## Other Terms

18. Should defendant engage in additional criminal activity after he has pled guilty, but prior to sentencing, the defendant shall be considered to have breached this Plea Agreement, and the government, at its option, may void this Plea Agreement.

## Conclusion

19. Defendant understands that the indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

11



20. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

21. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

22. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

23. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 4/15/13

_____
AUSTIN MICHAEL EVANS
Defendant

24. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 4/15/13

PETER J. STRIANSE
Attorney for Defendant

Respectfully submitted,

DAVID RIVERA
Acting United States Attorney

By: PHILIP H. WEHBY
Assistant U.S. Attorney

13