# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cr-00020-2 |
| | ) | Senior Judge Haynes |
| AUSTIN MICHAEL EVANS | ) | |

### MOTION OF DEFENDANT AUSTIN MICHAEL EVANS TO MODIFY CONDITION OF SUPERVISED RELEASE

**COMES NOW** the Defendant, **Austin Michael Evans,** by and through his undersigned counsel, and pursuant to 18 U.S.C.§ 3583(e)(2) & Fed.R.Crim.P. 32.1(b), hereby respectfully requests that the Court enter an Order modifying *Special Supervised Release Condition No. 2* by converting the 20-month halfway house residency requirement to a period of home detention. In support hereof, Defendant states as follows:

1. On July 26, 2013, this Court sentenced Defendant Evans to a term of sixty (60) months incarceration and a three (3) year term of supervised release on his drug conspiracy conviction. (*Judgment,* Docket Entry 115). As a special condition of the three-year term of supervised release, the Court ordered that "Defendant will be placed in a halfway house for twenty (20) months as a condition of his supervised release." *Id.* at p. 4, *Special Supervised Release Condition No. 2.* The Court was motivated to impose this "split-sentence" to ensure that Mr. Evans, who was 18 years of age at the time of the offense and had been continuously detained pending trial, would receive needed vocational training as well as drug and alcohol treatment. Mr. Evans has been at the halfway house since April 24, 2015.

2. Mr. Evans had an exemplary record while in the custody of the BOP, taking advantage of skills development in masonry and carpentry and completed a number of courses

offered through the BOP, Psychology Services Division, including drug treatment. Appended hereto as collective *Attachment 1* is Mr. Evans' Inmate Skills Development Plan with certificates awarded and BOP, Psychology Services Division, with certificate. Mr. Evans is currently employed at Balyssa's Boutique, 313 West Main Street, Hendersonville, Tennessee 37075. He also volunteers at a food bank known as "The Little Pantry That Could" twice per week.

3. Although the Court fashioned a compassionate and thoughtful sentence, undersigned counsel respectfully suggests that twenty months in a residential reentry center environment may be counter-productive. As the Court is aware, the BOP typically uses its residential reentry model to provide a brief transitional phase when an offender is in the process of returning to the community. Mr. Evans has a stable, crime-free home environment waiting for him with his devoted mother and her extremely supportive husband. *See Character Letters on Behalf of Austin Michael Evans, Docket Entry 110, Page ID#s 256-261.* Mr. Evans has certainly already received the message sent by incarceration – lengthy pretrial detention followed by a prison term at a federal correctional facility – and is ready to transition to "home confinement" with his parents. Frankly, he is taking up valuable bed space at the halfway house which would be better utilized for an inmate matriculating back to the community after the service of a long sentence without the type of support network that young Mr. Evans has in place now. Mr. Evans has plans to go to college but will be unable to pursue his education according to the rules and regulations of the halfway house. While at the halfway house, he is ineligible to receive home visit or social "passes" so that he could visit with his parents and thirteen-year-old sister. He is also ineligible to participate in any vocational training courses while confined at the halfway house. All of these restrictions run counter to the Court's original intent of fashioning a

"split-confinement" style sentence to provide school and trade opportunities for Mr. Evans.

4. The provisions of 18 U.S.C. § 3583(e)(2) and Fed.R.Crim.P. 32.1(b) demonstrate that a Court can modify the conditions of a defendant's supervised release regardless of whether the defendant has violated his existing conditions. Further, the fact that § 3583(e)(2) and Rule 32.1(b) are intended to allow Courts to respond flexibly to unforeseen changes in the circumstances of a defendant likewise indicates that a violation of an existing supervised release term does not have to precede a modification. So long as the modifications meet the standard required of initial terms of supervised release, i.e., that they are reasonably related to the goals of rehabilitation of the defendant and the protection of the public, they will be upheld. *See United States v. Lowenstein,* 108 F.3d 80, 85 (6th Cir. 1997); *United States v. Berridge,* 74 F.3d 113, 118 (6th Cir. 1996). Defendant Evans respectfully suggests that he be placed on home confinement for the remainder of the twenty (20) month stay at the halfway house (approximately seventeen (17) months as of the date of this filing).

**WHEREFORE**, based on the foregoing, Defendant Evans respectfully requests that the Court enter an order modifying *Special Supervised Release Condition No. 2* by directing that the defendant be placed on Home Confinement for a period not to exceed seventeen (17) months, the length of which is to be determined by the U.S. Probation Office for the Middle District of Tennessee.

3

Respectfully submitted,

TUNE, ENTREKIN, & WHITE, P.C.
UBS Tower, Suite 1700
315 Deaderick Street
Nashville, TN 37238
(615) 244-2770

BY: s:/ Peter J. Strianse
    PETER J. STRIANSE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system unless not registered and, in that event deposited in the United States mail, postage prepaid, to

Philip H. Wehby
Assistant United States Attorney
110 Ninth Avenue South
Suite A961
Nashville, TN 37203-3870

*Via Email*
Amanda Michele
amanda_michele@tnmp.uscourts.gov

this 27th day of July, 2015.

S:/ Peter J. Strianse
PETER J. STRIANSE